IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHERYL SHOLTIS, | : | |
|     Plaintiff | : | CIVIL ACTION NO. 3:CV-11-995 |
| | : | |
| v. | : | |
| | : | (Judge Nealon) |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | (Magistrate Judge Blewitt) |
|     Defendant | : | |

## MEMORANDUM

On May 24, 2011, Plaintiff, Cheryl Sholtis, filed a complaint seeking review of the Commissioner of Social Security Administration's denial of her application for Social Security disability benefits. (Doc. 1). A Report was issued by United States Magistrate Judge Thomas M. Blewitt on January 6, 2012 recommending that the appeal be denied. (Doc. 14). Objections to the Report and Recommendation ("R&R") were due on or before January 23, 2012. No objections have been filed. After considering the review and reasoning of the Magistrate Judge, the R&R will be adopted.

## Discussion

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837 (1987); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa.

1

FILED
SCRANTON

FEB 0 6 2012

Per_____ M.G.P
DEPUTY CLERK

1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of Plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.).

Upon review of the present appeal, it is concluded that the Magistrate Judge has not erred in recommending that the appeal be denied. (Doc. 14). The Magistrate Judge reviewed the ALJ's discussion of the five-step sequential evaluation process and determined that substantial evidence supports the ALJ's analysis.[1] (Doc. 14, pgs. 3-5). At step one, the ALJ concluded that Plaintiff has not engaged in substantial gainful activity since her alleged onset date, September 6, 2007. (TR. 19). At step two, the ALJ determined that Plaintiff suffers from the severe impairments of an ankle injury, ulcers/ colitis and depression. (TR. 19). However, at step three, the ALJ concluded that Plaintiff's impairments were not severe enough, either singly or in combination, to meet or medically equal the listing requirements. (TR. 19-20). At steps four and five, the ALJ determined that Plaintiff is unable to perform any of her past relevant work but she

---

[1] The steps in the process are as follows:

(1) Is the individual engaging in substantial gainful activity?
(2) Does the individual have a severe impairment?
(3) Does the individual have an impairment which meets or equals the listing of impairments as set forth in 20 C.F.R. part 404, subpart P, appendix 1?
(4) Does the individual retain the residual functional capacity ("RFC") to engage in her past relevant work? and
(5) If an individual does not have the capacity to engage in his/her past work, does she retain the capacity to perform jobs which exist in significant numbers in the national economy?

See 20 C.F.R. § 404.1520.

has the residual functional capacity to perform a reduced range of light work and that such work exists in significant numbers in the national economy. (TR. 21-24). Thus, Plaintiff was found to be not disabled within the meaning of the Social Security Regulations. (TR. 24-25).

The Magistrate Judge determined that substantial evidence supports the ALJ's finding that Plaintiff's impairments fail to meet the listing requirements and that she is not disabled. (Doc. 14, pgs. 6-13). Specifically, the Magistrate Judge stated that substantial evidence supports the ALJ's evaluation of the treating physician, Gursharan Singh, M.D. (Doc. 14, pgs. 6-13). In her appeal brief, Plaintiff argued that the ALJ erred in discrediting the opinion of Dr. Singh. (Doc. 11). Dr. Singh stated that Plaintiff was disabled and incapable of performing even sedentary work. (TR. 23). The ALJ examined the medical evidence of record and accorded little weight to Dr. Singh's opinions, finding them inconsistent with the other evidence of record. The Magistrate Judge determined that the ALJ did not err in her evaluation. After review and, having received no objections, the Report and Recommendation will be adopted. A separate order will follow.

**Date: February 6, 2012**

_____
**United States District Judge**